NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARIA PUPO,                                    )
                                               )
            Appellant,                         )
                                               )
v.                                             )        Case No. 2D15-3901
                                               )
FLORIDA INSURANCE GUARANTY                     )
ASSOCIATION,                                   )
                                               )
            Appellee.                          )
_____    )

Opinion filed May 12, 2017.

Appeal from the Circuit Court for
Hillsborough County; Christopher C. Nash,
Judge.

George A. Vaka and Nancy A. Lauten of
Vaka Law Group, Tampa; and Scott W.
McCaskill of Marshall Thomas, PL, Tampa,
for Appellant/Cross-Appellee.

G. William Bissett, Jr. of Kubicki Draper, P.A.,
Miami, for Appellee/Cross-Appellant.


MORRIS, Judge.

            This is an appeal from a final judgment entered in Maria Pupo's breach of

contract action against Florida Insurance Guaranty Association (FIGA). The breach of

contract claim arose after Pupo's home suffered sinkhole damage and thereafter the

parties disagreed over the method of repair and the amount of insurance proceeds to which Pupo was entitled. Although Pupo obtained a jury verdict in the amount of $28,000 for above-ground damages and $170,000 for below-ground damages, the trial court ultimately entered a final judgment in the amount of $135,515, which represented Pupo's policy limits of $138,115 less her policy deductible and less the statutory deductible set forth in section 631.57(1)(a)(2), Florida Statutes (2009).

Pupo initiated this appeal arguing that contrary to this and other appellate courts' prior holdings, the amended definition of "covered claim" in section 631.54(3)(c), Florida Statutes (2011), does not apply to claims arising out of insurance policies that were issued before the effective dates of the statutory amendment.[1] In response, FIGA argued for an affirmance but conceded that remand was necessary because the trial court erroneously limited Pupo's damages to Pupo's policy limits. FIGA's concession was based on a February 23, 2015, order entered by the Leon County Circuit Court (Second Judicial Circuit Case No. 2011-CA-3221) wherein the court determined that FIGA was permitted to pay for actual repairs for sinkhole loss that are above insurance policy limits up to the maximum combined statutory cap of $500,000 pursuant to section

---

[1] In Florida Insurance Guaranty Ass'n v. de la Fuente, 158 So. 3d 675 (Fla. 2d DCA 2015), this court rejected the argument that an insured's right to recover insurance proceeds from FIGA was established and vested when the insurance policy was issued. Instead, we held that the insured's right to recover against FIGA for a sinkhole loss did not arise until the insurer was declared insolvent and FIGA began handling the claim. Id. at 679. We also acknowledged that the effect of the 2011 amendment to the definition of "covered claim" was to prohibit FIGA from paying an insured directly for a sinkhole loss. Id. The Florida Supreme Court recently approved our decision. de la Fuente v. Fla. Ins. Guar. Ass'n, 202 So. 3d 396, 403-05 (Fla. 2016).

631.57(1)(a)(2).[2]  As a result, FIGA agreed that the final judgment should be corrected to reflect that Pupo is required to enter into repair contracts within the jury verdict amounts and that FIGA is required to pay actual repair costs to the various contractors up to the combined statutory cap.

At oral argument, Pupo's counsel notified this court that the parties had reached a settlement and that Pupo agreed with FIGA that this court should affirm the final judgment but remand for correction of the amount as articulated in FIGA's answer brief.  FIGA's counsel also acknowledged the parties' agreement.  Accordingly, we affirm the trial court's final judgment.  We direct that on remand, the trial court should correct the final judgment to reflect that Pupo is required to enter into repair contracts within the jury verdict amounts and that FIGA is required to pay actual repair costs to the contractors up to the combined statutory cap set forth in section 631.57(1)(a)(2).

Affirmed; remanded with directions.

NORTHCUTT and KELLY, JJ., Concur.

---

[2]Section 631.57(1)(a)(2) lists statutory cap amounts on FIGA's liability for covered claims that are "in excess of $100 and . . . less than $300,000," as well as "an additional $200,000 for the portion of a covered claim which relates only to the damage to the structure and contents."